Keith D. Hoffman Dickinson County Counselor 325 N. Broadway Abilene, Kansas 67401
Dear Mr. Hoffman:
As Dickinson county counselor you request our opinion on whether the board of county commissioners has the authority, under home rule powers, to implement a severance tax on rock removed from the county. For purposes of this opinion, we assume that the proposed tax will be imposed on all rock that is severed, rather than only on rock severed for transportation and use outside county limits. We thus do not address interstate commerce issues.
You explain that your county has three different quarrying operations wherein rock is removed from the land, processed and sold for construction. The high volume of rock has caused serious deterioration of some roads in the county and the county intends to use moneys from the proposed severance tax to refurbish the affected roads.
A severance tax has been defined generally as a tax "levied on the mining or extraction of some natural resource such as oil or coal. It may be assessed on the value of the product extracted or on the volume." Blacks Law Dictionary 1308 (5th ed. 1979). K.S.A.19-101 fifth grants Kansas counties home rule power and K.S.A. 1994 Supp. 19-101a further expands upon and explains this power. K.S.A. 19-117 sets forth some limitations upon home rule power and establishes the correct procedures for exercising taxation power. Home rule authority "shall be liberally construed for the purpose of giving counties the largest measure of self government." K.S.A. 19-101c. Thus, such local actions are entitled to a presumption of validity and should not be stricken unless the infringement upon a statute is clear beyond a substantial doubt.Executive Aircraft Consulting, Inc. v. City of Newton,252 Kan. 421 (1992).
Counties are subject to all acts of the legislature which apply uniformly to all counties. K.S.A. 1994 Supp. 19-101a(a)(1);Missouri Pacific Rail Road v. Board of County Commissioners,231 Kan. 225 (1982). Home rule power is available to counties in all areas of local government where it is not prohibited. Blevins v.Hiebert, 247 Kan. 1, 5 (1990). Without uniform or preemptive legislation in an area, sovereign powers may be utilized to impose a tax. See Callaway v. City of Overland Park, 211 Kan. 646, 649
(1973). As recognized in Executive Aircraft Consulting, supra., home rule empowers a city or county to levy any type of exaction unless the legislature preempts the field by uniform enactment. We therefore must determine if there is existing or preemptive legislation in the area of severance taxes or rock quarries.
We have been unable to locate any existing statutes that speak to or impose a severance tax upon the removal of rock in a county. K.S.A. 79-4216 et seq. establish a mineral severance tax. However, this tax is imposed only upon the severance and production of coal, oil or gas from the earth or water in the state for sale, transport, storage, profit or commercial use. K.S.A. 79-4217(a). K.S.A. 79-201e exempts from taxation certain reclaimed former mining operation property. K.S.A. 79-301 et seq., K.S.A. 70-401 et seq. and K.S.A. 79-420 may permit imposition of personal property tax on the rock and real estate tax upon the land. We understand that the quarries in question are still operating and that the proposed tax is not a property tax. Thus, these property taxing statutes do not appear applicable to the proposed severance tax.
K.S.A. 49-601 et seq., enacted in 1994, created the "surface-mining land conservation and reclamation act." With certain exceptions not pertinent here, this act applies to mines which are defined by K.S.A. 49-603(d) as "any underground or surface mine developed and operated for the purpose of extracting rocks, minerals and industrial materials, other than coal, oil and gas. . . ." The act provides for specific oversight by the state conservation commission, and provides for fees for license renewal, registration and registration renewal. These costs "shall be based on an operator's acres of affected land or the tonnage of materials extracted by the operator during the preceding license year, or a combination thereof." K.S.A.49-623(c). These fees do not constitute a severance tax.
In Attorney General Opinion No. 95-8 we addressed the use of county home rule power with regard to imposing a severance tax on water being exported out of the county. It was our opinion that such a tax was preempted by uniform state-wide legislative enactment in the field, specifically the provisions of K.S.A.82a-702. Pursuant to the 1994 enactment of K.S.A. 49-601 etseq., there now exists a state-wide legislative scheme controlling the operation of many rock quarries. We must therefore determine if this new act preempts the field to the point of prohibiting a local severance tax.
K.S.A. 49-601 et seq. do not speak to a tax by any entity. Moreover, unlike water, removal of rock from one county does not directly impact upon the natural resources of another county. It does not appear that the provisions and impact of K.S.A. 49-601 etseq. will be affected if the county enacts a local severance tax on rock taken out of land in the county. Thus, we believe that the situation now addressed differs from that in Attorney General Opinion No. 95-8. We find nothing in the language of K.S.A.49-601 et seq. that evidences an intent to preempt a county severance tax on the rock removed from local mines.
In summary, it is our opinion that county home rule authority may be utilized to impose a severance tax on rock removed from land located in a county. The procedures, imposition, and use of the money realized from the tax must comport with other laws such as those imposed by home rule procedures, budgetary or tax law, and constitutional considerations. We do not find any uniformly applicable law preempting local legislation of this type and it is therefore our opinion that K.S.A. 1994 Supp. 19-101a allows the county to impose such a severance tax.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas